## FORD ELKHORN MINING CO. v. MULLINS et al.

(Circuit Court of Appeals, Sixth Circuit. November 14, 1924.)

No. 4058.

Mines and minerals ⬤—109—Statute relating to operation of mines held not applicable to contract for mining.

Ky. St. § 2726—5, providing that mine workmen shall give the foreman certain specific notice as to timbers, which affects the rights of miners in case of injury, *held* not applicable to a subcontractor, who employed his own miners, as between him and the general operator, which was required by the contract to furnish timbers known to be necessary.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action at law by Paul Mullins and A. D. Mullins against the Ford Elkhorn Mining Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

J. J. Moore, of Pikeville, Ky., for plaintiff in error.

E. J. Picklesimer, of Pikeville, Ky. (Picklesimer & Steele, of Pikeville, Ky., on the brief), for defendants in error.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. Through lack of proper timbering, the roof of the mine where they were working so collapsed that Mullins Bros. were unable to continue their contract with the mining company, by which they were to receive a ton price for removing the pillars in No. 2 mine and delivering the coal on track above ground. They were to set the timbers; the company was to furnish them. They had judgment in this suit for their damages for the loss of their contract. The substantial trial dispute was whether the breach was theirs in not setting, or the company's in not furnishing, the necessary and fit timbers. This question was fairly submitted, and found for plaintiffs.

The only error saved and assigned is that the court refused to treat the timber-furnishing duty as governed by Kentucky Statutes, § 2726—5, which provides that the workmen must give the mine foreman certain specific notice as to timbers. This statute declares the duties of the mine operator, by nonperformance of which he would become subject to the penalties imposed, and it affects the rights of the miners in case of accident. It does not directly touch the relations between a general operator and a subcontractor who employs his own workmen, and it should not be imported into a contract between them, which undertook to cover that subject. It was the company's contract duty to furnish, even without notice, timbers which it knew were necessary, and in its pleadings it had claimed that it had furnished all proper timbers, but plaintiffs had failed to set them.

Judgment is affirmed.